LW2_Answer.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ORIX FINANCIAL SERVICES, INC., formerly
known as Orix Credit Alliance, Inc.

                                       Plaintiff,

                      -against-

W.E. GRADING AND SAND, LLC and
LAWSON B. WATSON, JR.,

                                   Defendants.
-------------------------------------------------------------------X

ECF CASE

06 CV 13673 (GEL)

**ANSWER**

(Jury Demand)

      Carl E. Person, appearing on behalf of Defendant, Lawson B. Watson, Jr. (hereinafter, "Watson" or "Defendant"), respectfully alleges as and for the Defendant's Answer to the Plaintiff's Complaint:

    1.    ADMITS each of the allegations in ¶ 1 of the Complaint, but denies that there is an personal jurisdiction over the Defendant.

    2.    ADMITS each of the allegations in ¶ 2 of the Complaint.

    3.    DENIES each of the allegations in ¶ 3 of the Complaint, except ADMITS that prior to November 2001 Defendant and Robert J. Elliott ("Elliott") were members of W.E. Grading and Sand, LLC ("W E Grading").

    4.    ADMITS each of the allegations in ¶ 4 of the Complaint.

    5.    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the present or recent residence and citizenship of Robert J. Elliott ("Elliott"), but ADMITS each of the other allegations in ¶ 5 of the Complaint.

6. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 6 of the Complaint, except that Defendant DENIES that the Defendant was a party to either or any of the agreements alleged in said paragraph and further DENIES that there is any jurisdiction over the Defendant based on any of the agreements alleged in said paragraph or any other agreements. Furthermore, the Defendant DENIES that he signed any personal and/or unconditional guaranty of any or all of the obligations of W E Grading and further DENIES that the Defendant was aware that the Defendant had entered into any agreements with the Plaintiff until after Plaintiff notified the Defendant of the alleged default(s).

### [First Claim against Defendant W E Grading]

7. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 7 of the Complaint, except that Defendant DENIES that the Defendant was a party to either or any of the agreements alleged in said paragraph and further DENIES that there is any jurisdiction over the Defendant based on any of the agreements alleged in said paragraph or any other agreements. Furthermore, the Defendant DENIES that he signed any personal and/or unconditional guaranty of any or all of the obligations of W E Grading and further DENIES that the Defendant was aware that the Defendant had entered into any agreements with the Plaintiff until after Plaintiff notified the Defendant of the alleged default(s).

8. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 8 of the Complaint. Also, the exact wording of the alleged agreement speaks for itself.

9. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 9 of the Complaint.

10. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 10 of the Complaint.

11. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 11 of the Complaint.

12. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint.

14. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint.

15. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 15 of the Complaint.

16. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 16 of the Complaint.

### [First Claim against Defendant W E Grading]

17. Defendant repeats and realleges each of the allegations set forth in ¶¶ 1-16 above with the same force and effect as if they were fully set forth herein.

18. DENIES each of the allegations in ¶ 18 of the Complaint. The signature is not Defendant's signature, and nobody was authorized to sign Defendant's signature.

19. DENIES each of the allegations in ¶ 19 of the Complaint, except DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegation concerning Plaintiff's alleged change of name and the consequences thereof. Furthermore,

Defendant DENIES having any liability for payment of the Note or any other obligation to the Plaintiff.

20. DENIES each of the allegations in ¶ 20 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense - Lack of Personal Jurisdiction

21. The Court lacks personal jurisdiction over the Defendant.

### Second Affirmative Defense - Improper Service

22. Service of a copy of the summons and complaint upon an officer of C-A Credit Corp. was not proper service of Defendant. Defendant never authorized C-A Credit Corp. to accept or receive service of process on behalf of the Defendant.

### Third Affirmative Defense - Agreement Authorizing Service Is Void

23. The alleged agreement of the Defendant to accept service upon C-A Credit Corp. is null and void. The Defendant never signed or authorized anyone to sign any such agreement.

### Fourth Affirmative Defense - Improper Venue

24. Venue is improper. The Defendant never signed or authorized anyone to sign any agreement permitting the Defendant to be sued in New York State or the Southern District of New York.

### Fifth Affirmative Defense - Failure to State a Claim

25. The Defendant fails to state a claim upon which any relief may be granted.

### Sixth Affirmative Defense – Lack of Authority to Bind Defendant

26. Neither W E Grading nor Elliott (or any other person) had any actual, apparent or implied authority to sign Defendant's name to any agreement with Plaintiff or any other person or to create any obligation for the Defendant.

### Sixth Affirmative Defense – Guaranty Is Null and Void

27.     The alleged Guaranty is null and void, not having been authorized, signed or ratified by Defendant.

### Eighth Affirmative Defense – Lack of Indispensable Party

28.     W E Grading and/or Elliott are indispensable parties in this action [under F. R. Civ. P. Rule 19(b)], but neither has been served with process, and Elliott has not been named in the caption as a party or alleged to be a party. Upon information and belief, Eliott is a successor in interest to W E Grading at least as to the subject of this litigation.

### Ninth Affirmative Defense – No Liability under State Law

29.     Defendant is not liable for the obligations of Grading under the laws of South Carolina.

### Jury Demand

Defendant hereby demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:   New York, New York
         January 24, 2007

_____
Carl E. Person   (CP 7637)
Attorney for the Defendant,
    Lawson B. Watson, Jr.
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444